NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted March 31, 2008*
Decided April 9, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| **Nos**. 07-1386 & 07-2941 | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA,<br>     *Plaintiff-Appellee*, | |
| **v.** | No. 03 CR 126<br>Ruben Castillo, *Judge*. |
| ROBERT M. RILEY,<br>     *Defendant-Appellant*. | |

**Order**

Robert Riley has filed two appeals from orders that the district court issued in a proceeding to collect what Riley owes under a criminal judgment that includes an

---

* These successive appeals have been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

award of restitution. After the appeals were filed, we vacated the underlying judgment. *United States v. Caputo*, No. 06-3612 (7th Cir. Feb. 27, 2008). The United States maintains that this makes the appeals "moot." That's not right. Some assets have been collected, and what to do with them remains contested. But neither is Riley correct in proposing that we resolve the appeals in their current posture. The judgment is no more (the mandate issued on March 20), and the district court must recalculate how much Riley owes in restitution. That process includes the setting of a new schedule, and by doing this the district court may affect some or all of the issues that Riley has briefed on appeal.

Some of the problems arise from this passage in the judgment: "defendant's monthly payment schedule will be twenty percent of his monthly income." Riley believes that this entitles him to shelter all of his existing assets from the obligation to pay restitution. That may or may not be a sound reading of the district court's language, but when restitution is recalculated per our mandate, the district judge will set a new schedule. As this court explained in *United States v. Sawyer*, No. 06-1275 (7th Cir. Apr. 9, 2008), a restitution order should require the defendant to turn over immediately all non-exempt assets. The statutory schedule deals only with payments out of future income, which must be set high enough that the debt can be paid in full within 20 years.

Riley will be entitled to appeal from both the restitution order and the schedule once the district court has completed its proceedings on remand. If the United States is dissatisfied with the schedule, it too should appeal, rather than attempt to bypass the schedule as it has done so far. In the meantime any assets collected from Riley should be retained within the  district court's jurisdiction, so that they are neither transferred to the Treasury nor placed in a position in which they could be dissipated or hidden by Riley.

The district court's decisions are vacated, and the case is remanded for further proceedings consistent with this order and the opinion in *Caputo*.